Whaley, Chief Justice,
delivered the opinion of the court;
These cases come to the court on defendant’s motions to dismiss on the ground that the court is without jurisdiction for the reason that certain conditions set forth in the special jurisdictional act, which the plaintiffs were to comply with *210 before suits were brought, were not complied with, and, therefore, the court is without jurisdiction to hear the cases.
The jurisdictional act is the same for both tribes. In both cases the allegations of the petitions are the same, raising the jurisdictional point. Therefore, we have not considered it necessary to write two opinions but are combining the cases in one decision.
Section 3, of the jurisdictional act, 49 Stat. 388, amended June 5, 1942, 56 Stat. 323, reads in part as follows:
That the claim or claims of said Tlingit and Haida Indians of Alaska may be presented and prosecuted separately or jointly in one or more suits, by petition or petitions setting out the facts upon which they base their demands for relief and judgment or decree; * * * such petition or petitions may be verified by any attorney or attorneys employed by said Indians, under contract approved by the Commissioner of Indian Affairs and the Secretary of the Interior, and said contract shall be executed in behalf of said Indians by a committee chosen by them under the direction and approval of the Commissioner of Indian Affairs and the Secretary of the Interior; verification may be upon information and belief as to the facts alleged; a true copy of the written contract or contracts by which such attorney or attorneys are employed by said Indians to represent them in such suit or suits shall be filed in said Court of Claims, as their authority by the said attorney or attorneys to so appear in said suit or suits for said Indians and to prosecute their said claim or claims in said Court of Claims.
The allegations of both petitions are the same and read as follows:
[1] That on April 11, 1941, at Wrangell, Alaska, William L. Paul, Jr., and L. Frederick Paul, the undersigned attorneys at law, were duly appointed attorneys for the prosecution of this action of the Haida Indians of Alaska by the Tlingit & Haida Claims Committee. The delegates composing said Committee were regularly elected and qualified Indians selected by their respective communities under procedure agreed upon and approved by the Secretary of the Interior and the Commissioner *211 of Indian Affairs on the one hand, and Roy Peratrovich and William L. Paul, Tlingit Indians and associated with the Haida Indians of Alaska (President and Secretary of the Alaska Native Brotherhood), on the other hand. And said delegates regularly met at Wrangell, Alaska, on April 9, 10, and 11, 1941, and as said Committee appointed said attorneys (together with Grady Lewis, who later declined employment), and discussed and agreed upon the terms of employment of said attorneys, being fully informed of the terms of the attorneys’ contract proposed by the Office of Indian Affairs ; and said Committee adopted by a vote of 48 to 5 a form of employment contract proposed by the Executive Committee and Convention of the Alaska Native Brotherhood and Sisterhood after modification thereof; and said Committee, by a vote of 50 to 1, regularly adopted a financial contract governing the collection of expense money, defining expenses of the suit, and providing a method of disbursement of expense money from its treasurer to said attorneys; and said Committee appointed a signatory committee of three from among their members to sign said contracts on behalf of the delegates and the Haida Indians of Alaska before the Judge of the United States District Court for the First Division of the Territory of Alaska; and said signatory committee with said attorneys has so executed and acknowledged said contracts. Said delegates further created a permanent organization to watch over and control the proceedings under the Tlingit & Haida Jurisdictional Act, having officers and delegates an nually elected to meet annually. The Secretary of the Interior and the Commissioner of Indian Affairs unreasonably, arbitrarily, and capriciously failed and refused to approve said employment contract for the following reasons: 1) That said signatory committee had refused to appoint an attorney selected by the Indian Office to be chief counsel and relegate the other attorneys to position of associate counsel; 2) that control of the proceedings to be taken under said Jurisdictional Act was not exclusively under the direction of the Indian Office and the Secretary of the Interior; 8) that the Indians had created a permanent organization to watch over and control the proceedings; and 4) that the Indians had assessed themselves to pay $5 each to their treasurer for the expenses of the proceedings. Such failure and refusal to approve said contract is unreasonable, arbitrary and capricious for the reasons given and for any other reason, in that such action by the Secre *212 tary.of the Interior and the Commissioner of Indian Affairs exceeds the authority conferred on them by the Constitution and laws of the United States and illegally invades the vested personal and property rights of petitioners, on the ground that the said Indians have been emancipated from the guardianship of the federal government over their right to sue and be sued in the Courts of the United States as a matter of their own choice with counsel of their own selection and management; and on the further ground that petitioners will not secure legal or equitable hearing of this cause of action unless represented by counsel of their own choice and management.
From the above it is seen that the attorneys appointed by the Indians must enter into a contract with the Indians which is approved by the Secretary of the Interior and the Commissioner of Indian Affairs. The petitions show that neither the Secretary of the Interior nor the Commissioner of Indian Affairs has consented to the contracts, but, on the contrary, both officials have refused to agree to the contracts between the Indians and the attorneys bringing these suits.
It is true that the petitions allege the actions of the Secretary of the Interior and the Commissioner of Indian Affairs are arbitrary and capricious. Admitting this to be true, the court is still without jurisdiction because it cannot enter into this phase of the cases.
The petitions must show on their face that, before filing suit in this court, the consent of the Secretary of the Interior and the Commissioner of Indian Affairs has been obtained to their contracts. The condition requiring approval of the contracts between the Indians and their attorneys on the part of these officials is a discretionary and not purely a ministerial act. If the Commissioner of Indian Affairs and the Secretary of the Interior have acted arbitrarily and capriciously, this is a matter on which the plaintiffs may bring mandamus proceedings to require the consent of these officials, if this process is the proper remedy. We are expressing no opinion on this phase. The court has no jurisdiction to issue extraordinary writs of certiorari, mandamus, quo warranto, et al. See Arant v. United States, 55 C. Cls. 327, 338.
*213 To give this court jurisdiction and allow the attorneys for the plaintiffs to bring suit, it is necessary that the petitions show that the Secretary of the Interior and the Commissioner of Indian Affairs have consented to the contracts between the Indians and the attorneys. . It was on this condition that the defendant consented to be sued.
In the instant cases no such consent is shown, and, therefore, this court has no jurisdiction. The consent of these officials is a condition precedent to the court’s jurisdiction.
The motions to dismiss are granted and the petitions are dismissed. It is so ordered.
MaddeN, Judge; Whitaker, Judge; and Littleton, Judge., concur.
JoNes, Judge, took no part in the decision of this case.

 Quoted from the Haida Nation’s petition; except for names.of tribes, the allegations are the same in the Tlingit Nation’s petition.